# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
No. 13-948V
Filed: October 30, 2017

| | | |
|---|---|---|
| * * * * * * * * * * * * * * | | |
| ROBERT T. MITCHELL, | * | UNPUBLISHED |
| | * | |
| Petitioner, | * | |
| v. | * | Decision on Attorneys' Fees and Costs |
| | * | |
| SECRETARY OF HEALTH | * | |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |
| * * * * * * * * * * * * * * | | |

*Randall G. Knutson, Esq.*, Knutson & Casey Law Film, Mankato, MN, for petitioner.
*Glenn A. MacLeod, Esq.*, U.S. Department of Justice, Washington, DC, for respondent.

### DECISION ON ATTORNEYS' FEES AND COSTS[1]

**Roth**, Special Master:

On December 3, 2013, Robert Mitchell ("Mr. Mitchell" or "petitioner)" filed a petition pursuant to the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 *et seq.*[2] ("Vaccine Act" or "the Program"). Petitioner alleged that the Tenivac tetanus diphtheria vaccination he received on October 14, 2012, caused him to suffer from "fever, extreme muscle spasms, [and] sequela of which was vertigo and pervasive myositis." *See* Petition ("Pet."), ECF No. 1.

On May 18, 2016, petitioner filed a Motion for a Ruling on the Record, stating that he had submitted all the evidence he intended to file in this matter. ECF No. 45. Upon review of the evidence submitted, the undersigned issued a Decision on August 7, 2017, finding that

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post this decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2012)). In accordance with Vaccine Rule 18(b), a party has 14 days to identify and move to delete medical or other information, that satisfies the criteria in 42 U.S.C. § 300aa-12(d)(4)(B). Further, consistent with the rule requirement, a motion for redaction must include a proposed redacted decision. If, upon review, I agree that the identified material fits within the requirements of that provision, I will delete such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755 (1986). Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

1

petitioner failed to carry his burden of showing that he is entitled to compensation under the Vaccine Act.  *See* Decision, ECF No. 58.

On September 18, 2017, petitioner filed a Motion for Attorneys' Fees and Costs.  ECF No. 62.  Petitioner requests attorneys' fees in the amount of $32,762.50, and $6,442.26 in costs, for a total amount of $39,204.76.  In accordance with General Order #9, petitioner's counsel represents that petitioner did not incur any out-of-pocket expenses.  ECF No. 62-5.

On October 2, 2017, respondent filed a Response to petitioner's Motion for Fees and Costs that contained no specific objection to the amount requested or hours worked, but instead, "respectfully recommend[ed] that the Special Master exercise her discretion and determine a reasonable award for attorneys' fees and costs."  ECF No. 63 at 3.

## I. Applicable Legal Standards

The Vaccine Act permits an award of "reasonable attorneys' fees" and "other costs." § 15(e)(1).  If a petitioner succeeds on the merits of his or her claim, the award of attorneys' fees is automatic.  *Id.*; *see Sebelius v. Cloer*, 569 U.S. 369, 373 (2013).  However, a petitioner need not prevail on entitlement to receive a fee award as long as the petition was brought in "good faith" and there was a "reasonable basis" for the claim to proceed.  § 15(e)(1).  "In other words, '[a]ttorney's fees are provided, not only for successful cases, but even for unsuccessful claims that are not frivolous.'"  *Cloer*, 569 U.S. at 374 (alteration in original) (quoting *Bruesewitz v. Wyeth LLC*, 562 U.S. 223, 229 (2011)).

The Federal Circuit has endorsed the use of the lodestar approach to determine what constitutes "reasonable attorneys' fees" and "other costs" under the Vaccine Act.  *Avera v. Sec'y of Health & Human Servs.*, 515 F.3d 1343, 1349 (Fed. Cir. 2008).  Under this approach, [t]he initial estimate of a reasonable attorney's fee" is calculated by "multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate."  *Id.* at 1347-48 (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)).  That product is then adjusted upward or downward based on other specific findings.  *Id.*

A "reasonable hourly rate" is defined as the rate "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation."  *Id.* at 1348 (quoting *Blum*, 465 U.S. at 896 n.11).  This rate is based on "the forum rate for the District of Columbia" rather than "the rate in the geographic area of the practice of petitioner's attorney." *Rodriguez* v. *Sec'y of Health & Human Servs.*, 632 F.3d 1381, 1384 (Fed. Cir. 2011) (citing *Avera*, 515 F. 3d at 1349).  There is a "limited exception" that provides for attorneys' fees to be awarded at local hourly rates when "the bulk of the attorney's work is done outside the forum jurisdiction" and "there is a very significant difference" between the local hourly rate and forum hourly rate.  *Id*.  This is known as the *Davis County* exception.  *See Hall* v. *Sec'y of Health & Human Servs.*, 640 F.3d 1351, 1353 (Fed. Cir. 2011) (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist.* v. *U.S. EPA*, 169 F.3d 755, 758 (D.C. Cir. 1999)).  For cases in which forum rates apply, *McCulloch* provides the framework for determining the appropriate hourly rate range for attorneys' fees based upon the attorneys' experience.  *See McCulloch* v. *Sec'y of Health & Human Servs.*, No. 09-293V, 2015 WL 5634323 (Fed. Cl. Spec.

Mstr. Sept. 1, 2015).  The Office of Special Masters has issued a fee schedule that updates the *McCulloch* rates to account for inflation in subsequent years.[3]

Once the applicable hourly rate is determined, it is applied to the "number of hours reasonably expended on the litigation."  *Avera*, 515 F.3d at 1348.  Counsel should not include in their fee requests hours that are "excessive, redundant, or otherwise unnecessary."  *Saxton ex rel. Saxton* v. *Sec'y of Health & Human Servs.*, 3 F.3d 1517, 1521 (Fed. Cir. 1993) (quoting *Hensley* v. *Eckerhart*, 461 U.S. 424, 434 (1983)).  "Unreasonably duplicative or excessive billing" includes "an attorney billing for a single task on multiple occasions, multiple attorneys billing for a single task, attorneys billing excessively for intra office communications, attorneys billing excessive hours, [and] attorneys entering erroneous billing entries."  *Raymo* v. *Sec'y of Health & Human Servs.*, 129 Fed. Cl. 691, 703 (2016).  While attorneys may be compensated for non-attorney-level work, the rate must be comparable to what would be paid for a paralegal or secretary.  *See O'Neill* v. *Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015).  Clerical and secretarial tasks should not be billed at all, regardless of who performs them.  *See, e.g.*, *McCulloch*, 2015 WL 5634323, at *26.  Hours spent traveling are ordinarily compensated at one-half of the normal hourly attorney rate.  *See Scott* v. *Sec'y of Health & Human Servs.*, No. 08-756V, 2014 WL 2885684, at *3 (Fed. Cl. Spec. Mstr. June 5, 2014) (collecting cases).  And "it is inappropriate for counsel to bill time for educating themselves about basic aspects of the Vaccine Program."  *Matthews* v. *Sec'y of Health & Human Servs.*, No 14-1111V, 2016 WL 2853910, at *2 (Fed. Cl. Spec. Mstr. Apr. 18, 2016).  Moreover, the "application for fees and costs must sufficiently detail and explain the time billed so that a special master may determine . . . whether the amount requested is reasonable," and an award of attorneys' fees may be reduced for "vagueness" in billing.  *J.W. ex rel. Wilson* v. *Sec'y of Health & Human Servs.*, No. 15-1551V, 2017 WL 877278, at *4 (Fed. Cl. Spec. Mstr. Feb. 10, 2017).

It is "well within the Special Master's discretion to reduce the hours to a number that, in [her] experience and judgment, [is] reasonable for the work done."  *Saxton*, 3 F.3d at 1522.  In exercising that discretion, special masters may reduce the number of hours submitted by a percentage of the amount charged.  *See Broekelschen* v. *Sec'y of Health & Human Servs.*, 102 Fed. Cl. 719, 728-29 (2011) (affirming special master's reduction of attorney and paralegal hours); *Guy* v. *Sec'y of Health & Human Servs.*, 38 Fed. Cl. 403, 406 (1997) (same).  Ultimately, special masters have substantial discretion in awarding fees and costs, and may adjust a fee request *sua sponte*, apart from objections raised by respondent and without providing petitioners with notice and opportunity to respond.  *See Sabella* v. *Sec'y of Health & Human Servs.*, 86 Fed. Cl. 201, 209 (Fed. Cl. 2009).  Special masters need not engage in a line-by-line analysis of petitioner's fee application when reducing fees.  *See Broekelschen*, 102 Fed. Cl. at 729.

---

[3] This fee schedule is posted on the court's website.  *See* Office of Special Masters, *Attorneys' Forum Hourly Rate Fee Schedule: 2015-2016*, http://www.uscfc.uscourts.gov/sites/default/files/Attorneys-Forum-Rate-Fee-Schedule2015-2016.pdf.

## II. Discussion

**A.     Reasonable Hourly Rates and Hours Expended**

Petitioner seeks attorneys' fees for the work of three professionals: his attorneys, Randall G. Knutson and Wade H. Abed II, and one paralegal, Joanna Pell. These professionals performed their work in Mankato, Minnesota, and have previously been awarded local rates under the *Davis County* exception. *See Lasnetski v. Sec'y of Health & Human Servs.*, No. 14-580V, 2017 WL 2610525, at *2 (Fed. Cl. Spec. Mstr. May 16, 2017).

Regarding the requested rates for Mr. Knutson ($295 per hour) and Ms. Pell ($75 per hour), the undersigned finds the requested rates reasonable and consistent with rates previously awarded in cases involving these professionals. *See, e.g.*, *id.* at *3; *Alexander v. Sec'y of Health & Human Serv's.*, No. 15-1211V, 2017 WL 1533543, at *1 (Fed. Cl. Spec. Mstr. Jan. 5, 2017).

For the work performed by Mr. Abed, petitioner requests $250 per hour. "[T]he burden is on the fee applicant" to show "that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience and reputation," *Blum*, 465 U.S. at 895 n.11. No information was provided to support the requested rate in this case. Petitioner's counsel did not indicate how this hourly rate was derived nor did he provide any supporting authority. Moreover, all of the work performed by Mr. Abed was done in 2013, before he became a member of the bar of the Court of Federal Claims.[4] In order to be eligible to practice in the Vaccine Program, an attorney must be admitted to practice in the Court of Federal Claims; an attorney who is not eligible to practice in the Vaccine Program cannot recover attorneys' fees. *Underwood v. Sec'y of Health & Human Servs.*, No. 00-357V, 2013 WL 3157525, at *4 (Fed. Cl. Spec. Mstr. May 31, 2013); *see* Vaccine Rule 14(a)(1). However, a review of the billing records indicates that much of Mr. Abed's work in this case was administrative, secretarial, and/or paralegal in nature. Thus, the work performed by Mr. Abed will not be compensated at the applicable rate for attorneys; instead, the undersigned finds it appropriate to use the range applicable to non-attorney-level work. *See O'Neill v. Sec'y of Health & Human Servs.*, No. 08-243V, 2015 WL 2399211, at *9 (Fed. Cl. Spec. Mstr. Apr. 28, 2015) (explaining that attorney compensation for non-attorney-level work must be comparable to what would be paid for a paralegal or secretary). Therefore, the undersigned will award Mr. Abed fees at a rate of $75 per hour, the same rate applicable to the work performed by Ms. Pell.

With respect to the hours expended, the undersigned has reviewed the billing records and concluded that the hours billed in this case by petitioner's counsel appear to be reasonable. Thus, a total of $30,505.00 is awarded in attorneys' fees, which reflects Mr. Knutson's 86.5 hours at $295 per hour ($25,517.50), Mr. Abed's 12.9 hours at $75 per hour ($967.50), and Ms. Pell's 53.6 hours at $75 per hour ($4,020.00).

---

[4] The Clerk's Office of the Court of Federal Claims reported to the undersigned that Mr. Abed was admitted to the Court's Bar in 2014.

**C.     Reasonable Costs**

Petitioner requests a total of $6,442.26 in attorneys' costs. Motion for Fees, ECF No. 62-2. The requested costs consist of securing medical records, shipping costs, and expert fees. The undersigned finds petitioner's requested costs to be reasonable.

### III. Total Award Summary

Based on the foregoing, the undersigned **GRANTS IN PART** petitioner's Motion for Attorneys' Fees and Costs. **Accordingly, the undersigned awards $36,947.26,**[5] representing $30,505.00 in attorneys' fees and $6,442.26 in costs, **in the form of a check payable jointly to petitioner and petitioner's counsel, Randall Knutson, Esq**. The clerk shall enter judgment accordingly.[6]

**IT IS SO ORDERED.**

<u>s/ Mindy Michaels Roth</u>
Mindy Michaels Roth
Special Master

---

[5] This amount is intended to cover all legal expenses incurred in this matter. This award encompasses all charges by the attorney against a client, "advanced costs" as well as fees for legal services rendered. Furthermore, § 15(e)(3) prevents an attorney from charging or collecting fees (including costs) that would be in addition to the amount awarded herein. *See Beck* v. *Sec'y of Health & Human Servs.*, 924 F.2d 1029 (Fed. Cir. 1991).

[6] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party filing a notice renouncing the right to seek review.